**Motion for Rehearing Granted in Part; Motion for En Banc Reconsideration Denied as Moot; Memorandum Opinion of June 18, 2020, Withdrawn; Reversed in Part, Affirmed in Part, and Substitute Majority and Dissenting Opinions filed December 29, 2020**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00216-CV

---

### JOE ALFRED IZEN, JR., Appellant

### V.

### BRIAN LAINE AND KIMBERLY LAINE, Appellees

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-28211**

---

### CONCURRING AND DISSENTING OPINION

I join the majority's resolution of Izen's issues on appeal except for the majority's decision to reverse the part of the trial court's final judgment ordering Izen to disgorge $70,126.13 in fees the Laines had previously paid Izen. Because I believe that the trial court was authorized to order disgorgement of those fees based on the Laines' unconscionability affirmative defense, I respectfully dissent.

The majority holds that the trial court was authorized to declare the fee agreement unconscionable and a violation of public policy based on the Laines' unconscionability affirmative defense with respect to the Big Inch Settlement. It then affirms the trial court's declaration. I agree with this conclusion. Indeed, Izen himself conceded as much in his appellate briefing. My disagreement with the majority arises out of what action the trial court was authorized to take once that determination was made. I believe the majority improperly limits the trial court's equitable authority to order disgorgement of fees paid pursuant to an unconscionable fee agreement because the only remaining basis to do so was through application of the Laines' affirmative defense.

My disagreement begins with the majority treating this more like an ordinary contract dispute rather than what it is: a dispute between an attorney who sued his clients to collect fees pursuant to an unconscionable fee agreement. The Texas Supreme Court has instructed that when interpreting and enforcing attorney-client fee agreements, it is "not enough to simply say that a contract is a contract. There are ethical considerations overlaying the contractual relationship." *Hoover Slovacek, LLP v. Walton*, 206 S.W.3d 557, 560 (Tex. 2006) (internal quotation marks omitted). In Texas, attorneys are held to the highest standards of ethical conduct in their dealings with their clients. *Id.* As a result, attorneys must conduct their business with their clients with inveterate honesty and loyalty and they must always keep the client's best interest in mind. *Id.* at 561. The question of Izen's fees must be viewed through that prism. *See Burrow v. Arce*, 997 S.W.2d 229, 246 (Tex. 1999) (stating that trial court must determine whether attorney's conduct was a clear and serious breach of duty to his client and whether any of the attorney's compensation should be forfeited and if so, what amount). Thus, when an attorney sues a client for fees, the client raises unconscionability as an affirmative defense,

2

and the trial court determines that the attorney fee agreement at issue is unconscionable and violates public policy, the question of what, if any, compensation the attorney is entitled to receive based on that unconscionable agreement is squarely presented. *See id.* at 243-45 (recognizing that fee forfeiture is not limited to situations where an attorney sues a client for payment of compensation). In that circumstance, fee forfeiture "may be partial or complete, depending on the circumstances presented." *Id.* at 241.

My next disagreement arises from the majority labeling the disgorgement of fees an award of compensatory money damages and thereby limiting fee forfeiture only to those cases where the client can also pursue claims for monetary damages suffered as a result of the attorney's conduct. Disgorgement is not an award of damages, it is instead "an equitable forfeiture of benefits wrongfully obtained." *In re Longview Energy Co.*, 464 S.W.3d 353, 361 (Tex. 2015). "Texas authorities make clear that disgorgement of profit is an independent remedy from damages, and the two are not assumed to be interchangeable." *Happy Endings Dog Rescue v. Gregory*, 501 S.W.3d 287, 293 (Tex. App.—Corpus Christi 2016, pet. denied). Disgorgement "is properly measured by the defendant's unjust gains, not the plaintiff's loss." *Id.*

> The mismatch between disgorgement and damages is further illustrated by the distinct policies which support each remedy. The primary objective of awarding damages in civil actions has always been to compensate the injured plaintiff, rather than to punish the defendant. By comparison, disgorgement is distinct from an award of actual damages in that the disgorgement award serves a separate function of deterring fiduciaries from exploiting their positions of confidence and trust.

*Id.* at 293-94 (internal citations omitted).

As the Texas Supreme Court recognized in *Burrow*, "an attorney's

3

compensation is for loyalty as well as services, and his failure to provide either *impairs his right to compensation.*" 997 S.W.2d at 240 (emphasis added). The court continued that "while a client's motives may be opportunistic and his claims meritless, the better protection is not a prerequisite of actual damages but the trial court's discretion to refuse to afford claimants who are seeking to take advantage of their former attorneys the equitable remedy of forfeiture." *Id.* If a client need not have suffered any damages for a trial court to equitably impose total fee forfeiture, the fact any affirmative claims for relief may be time-barred should not remove that alternative from a trial court's arsenal of equitable remedies available to enforce public policy against unconscionable fee agreements. Because the majority chooses to do so here, I respectfully dissent.

/s/     Jerry Zimmerer
Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer (Jewell, J., majority).